UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTON CONSTRUCTION INC., | No. 2:16-cv-00550-KJM-CKD PS |
| Plaintiff, | |
| v. | ORDER |
| GARY MICHAEL BITTERS, | |
| Defendant. | |

On March 15, 2016, defendant Gary Bitters, proceeding pro se, removed this unlawful detainer action from Sacramento County Superior Court. ECF No. 1. Mr. Bitters also filed a motion to proceed in forma pauperis. ECF No. 2. As explained below, the court REMANDS the case to the Sacramento County Superior Court and DENIES as moot Mr. Bitter's motion to proceed in forma pauperis.

I.  SUBJECT MATTER JURISDICTION

  A.  Legal Standard

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, a defendant may remove it to federal court. 28 U.S.C. § 1441(a). There are two primary bases for federal subject matter jurisdiction: (1) federal

1

1  question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C.
2  § 1332.

3  Under § 1331, district courts have federal question jurisdiction over "all civil
4  actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.
5  Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when
6  the plaintiff's statement of his own cause of action shows that it is based upon [federal law]."
7  *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Federal question
8  jurisdiction cannot rest upon an actual or anticipated defense or counterclaim. *Vaden v. Discover
9  Bank*, 556 U.S. 49, 60 (2009).

10  Under § 1332, district courts have diversity-in-citizenship jurisdiction where the
11  amount in controversy exceeds $75,000 and the parties are in complete diversity. 28 U.S.C.
12  § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in
13  controversy, the removing party must prove, by a preponderance of the evidence, that the amount
14  in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*,
15  319 F.3d 1089, 1090 (9th Cir. 2003).

16  A federal district court may remand a case sua sponte where a defendant has not
17  established federal jurisdiction. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it
18  appears that the district court lacks subject matter jurisdiction, the case shall be remanded.");
19  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) ("The burden of establishing
20  federal jurisdiction is upon the party seeking removal . . . ." (citing *Wilson v. Republic Iron &
21  Steel Co.*, 257 U.S. 92, 97 (1921))).

22  B.  Discussion

23  Mr. Bitters' Notice of Removal asserts the court has federal question jurisdiction
24  under § 1331 "because Defendant's Answer, a pleading depend [sic] on the determination of
25  Defendant's rights and Plaintiff's duties under federal law." ECF No. 1 at 2. The form complaint
26  plaintiff filed in state court asserts only a claim for unlawful detainer under California Code of
27  Civil Procedure section 1161a, which is a matter of state law. *See* Compl., ECF No. 1, Ex. "A."

28

2

1       As stated above, Mr. Bitters' answer or counterclaim cannot serve as the basis for federal question jurisdiction. *See Vaden*, 556 U.S. at 60. Plaintiff is the master of the complaint and may, as here, "avoid federal jurisdiction by pleading solely state-law claims." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Because plaintiff's complaint does not show that it is based upon federal law, the court does not have federal question jurisdiction over the action.

      Neither does the court appear to have diversity jurisdiction. Plaintiff's complaint seeks damages of $30.00 a day for each day after January 15, 2016 and costs of suit. Compl., ECF No. 1, Ex. "A." Because these damages are not likely to total more than $75,000, and Mr. Bitters has provided no other evidence or allegations as to the amount in controversy, the court does not have diversity jurisdiction over the action.

II.    <u>REQUEST TO PROCEED IN FORMA PAUPERIS</u>

      For the foregoing reasons, the court has determined sua sponte that it appears to lack subject matter jurisdiction, and thus remands the case to the Sacramento County Superior Court. *Cf. Matheson*, 319 F.3d at 1090 ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). As a result, defendant's motion to proceed in forma pauperis is moot.

III.    <u>CONCLUSION</u>

      It is HEREBY ORDERED that:

      1. This action is REMANDED to Sacramento County Superior Court.

      2. Defendant's motion to proceed in forma pauperis is DENIED as moot.

      IT IS SO ORDERED.

DATED: March 21, 2016

                                    UNITED STATES DISTRICT JUDGE